UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
IVAN BOSTON, *pro se*,                     :
                                           :
                        Petitioner,        :
                                           :                    **MEMORANDUM & ORDER**
            -against-                      :                    14-CV-3902 (DLI)
                                           :
UNITED STATES OF AMERICA,                  :
                                           :
                        Respondent.        :
-------------------------------------------------------- x

**DORA L. IRIZARRY, Chief United States District Judge:**

On September 14, 2011, *pro se*[1] petitioner Ivan Boston ("Petitioner") was found guilty, after a jury trial, of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On May 10, 2012, this Court sentenced Petitioner to the maximum term permitted by statute: 120 months of incarceration, followed by three years of supervised release. *See* Judgment & Commitment Order, No. 11-cr-107 (DLI), Dkt. Entry No. 78. On August 23, 2013, the Second Circuit Court of Appeals affirmed the judgment of this Court. *See generally*, *United States v. Boston*, 531 F. App'x 98 (2d Cir. 2013). Petitioner's petition to the United States Supreme Court for a *writ of certiorari* was denied. *See Boston v. United States*, 134 S. Ct. 977 (2014).

On June 20, 2014, Petitioner timely filed a motion to "vacate, set aside or correct sentence," pursuant to 28 U.S.C. § 2255 ("Section 2255"). *See generally*, Pet'r's Mot. to Vacate, Set Aside or Correct Sentence, Dkt. Entry No. 1 ("Pet'r's Mot."). Petitioner contends that: (1) he received constitutionally ineffective assistance of appellate counsel; and (2) his sentence was

---

[1] In reviewing Petitioner's motion, the Court is mindful that, "[a] document filed *pro se* is to be liberally construed and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Accordingly, the Court interprets the motion "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted).

procedurally and substantively unreasonable.  The Government opposed Petitioner's Motion on August 25, 2014 ("Government Opposition"), and Petitioner replied on October 7, 2014 ("Petitioner's Reply").  *See* Gov't Opp'n, Dkt. Entry No. 7; Pet'r's Reply, Dkt. Entry No. 11. Petitioner supplemented his motion on August 3, 2015, January 26, 2016, and May 31, 2016, to add a claim that his sentence violates the United States Supreme Court's rulings in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016).  *See* Pet'r's Suppl. Mots. I, II, & III, Dkts. 14, 17, 18.  The Government opposed this claim on June 29, 2016.  *See* Gov't Opp'n to Suppl. Mots., Dkt. Entry No. 19.  For the reasons stated below, Petitioner's motion is denied in its entirety.

## BACKGROUND

Familiarity with the facts and procedural history of this case is presumed,[2] and only those relevant to the disposition of the motion are repeated herein.  Prior to sentencing, the Probation Department ("Probation") prepared and disclosed a Presentence Report ("PSR"), No. 11-cr-107 (DLI), Dkt Entry No. 56, which was amended by several addenda.  *See* No. 11-cr-107 (DLI), Dkt. Entry Nos. 60, 61, 69, 70, 73, 74.  Probation determined that Petitioner's base offense level under the United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines") was 20, because Petitioner had a prior conviction for a felony crime of violence, to wit, burglary in the third degree. *See* U.S.S.G. § 2K2.1(a)(4)(A); U.S.S.G. § 4B1.1-1.2; Gov't Opp'n at 8.  Probation then added two levels for obstruction of justice, based on Boston's false declaration submitted in connection with his pretrial suppression motion.  Gov't Opp'n at 8-9.  Because he was convicted after a jury trial, Petitioner was not entitled to a three-level reduction for timely acceptance of responsibility.

---

[2] A more complete recitation of the facts is set forth in the decision previously issued by the Second Circuit Court of Appeals.  *See Boston*, 531 F. App'x at 98.

*See* Sentencing Tr. ("Tr.") at 19:17-18, Dkt. Entry No. 9.  Accordingly, Probation determined Petitioner to have a total offense level ("TOL") of 22, with a Criminal History Category ("CHC") of IV.  *Id.* at 9.  Petitioner's Sentencing Guideline Range ("SGR") was 63 to 78 months of imprisonment.  *Id.*

At the sentencing hearing held on April 11, 2012, this Court adopted the PSR's determination of the advisory SGR.  *See* Tr. at 19:20-22.  However, the Court found that this calculation significantly underrepresented the seriousness of Petitioner's criminal history, which included violations committed while incarcerated, among them assault, rioting, and weapons possession, as well as multiple state parole violations.  *Id.* at 33:2-37:14.  The Court explained that, if the SGR were adjusted to take into account Petitioner's full criminal history, his CHC would be VI, yielding a SGR of 84 to 105 months of imprisonment.  *Id.* at 37:14-38:3.

Next, the Court turned to the sentencing factors enumerated at 18 U.S.C. § 3553(a), and concluded that a Guidelines sentence would be inappropriate for Petitioner.  Tr. at 38:4-42:12.  The Court imposed a sentence of 120 months of imprisonment, the statutory maximum, followed by three years of supervised release.  *Id.* at 42:17-18.  Special conditions were also imposed.  *Id.* at 42:19-45:4.  At the request of the parties, the Court adjourned the hearing then, so that Petitioner could submit a supplemental sentencing memorandum addressing the Court's decision to impose a non-Guidelines sentence.  Gov't Opp'n at 10.  On May 10, 2012, Petitioner received his sentence of 120 months of imprisonment, followed by three years of supervised release, and special conditions.  *Id.*

Petitioner timely appealed, arguing, *inter alia*, that his sentence was procedurally and substantively unreasonable, in part because he claimed that burglary in the third degree should not be considered a predicate "crime of violence."  *See* Gov't Opp'n at 11.  The Second Circuit

3

affirmed Petitioner's conviction and sentence on August 23, 2013. *See Boston*, 531 F. App'x at 101. In doing so, the Second Circuit specifically noted that its decision was made "substantially for the reasons given by the District Court in its thorough and well-reasoned oral rulings at the defendant's sentencing hearings of April 11, 2012 and May 10, 2012." *Id.*

Petitioner now argues that: (1) his appellate counsel was constitutionally ineffective; (2) his sentence was procedurally and substantively unreasonable; and (3) his sentence violates the Supreme Court's decisions in *Johnson v. United States* and *Welch v. United States*. *See generally*, Pet'r's Mot.; Pet'r's Suppl. Mots I, II, & III. Specifically, Petitioner contends that appellate counsel was ineffective because: (1) she did not seek *en banc* review of Petitioner's conviction and sentence, and allegedly was untimely in other post-appellate filings; and (2) she neither advised Petitioner properly of the application to his case of the United States Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013), nor acknowledged or submitted to the Second Circuit a 28(j)[3] letter prepared by Petitioner concerning *Descamps*.

## DISCUSSION

### I. Legal Standards

Under Section 2255, "a sentencing court may vacate, set aside or correct a conviction or sentence imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. Relief generally is "available only for a constitutional error, defect of jurisdiction, or an error of law constituting a fundamental defect which inherently results in a complete miscarriage of justice." *Scala v. United States*, No. 09-cv-4687 (SJ), 2010 WL 3780320, at *1 (E.D.N.Y. Sept. 21, 2010) (citations and internal quotation marks omitted).

---

[3]Federal Rule of Appellate Procedure 28(j) provides a party an opportunity to file a brief letter alerting the court if "pertinent and significant authorities come to a party's attention after the party's brief has been filed…but before decision." Fed. R. App. P. 28(j).

**A.  Ineffective Assistance of Counsel**

To succeed on a claim of ineffective assistance of counsel, a petitioner must (1) show that "his attorney's performance 'fell below an objective standard of reasonableness,' in light of 'prevailing professional norms,'" and (2) "'affirmatively prove prejudice' arising from counsel's allegedly deficient representation." *United States v. Caracappa*, 614 F.3d 30, 46 (2d Cir. 2010) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 693 (1984)).  "Although *Strickland* addressed the constitutional standard for ineffective assistance of counsel in the trial counsel context, our Circuit has also adopted the *Strickland* two-prong test in assessing the effectiveness of appellate counsel." *Claudio v. Scully*, 982 F.2d 798, 803 (2d Cir. 1992).

Courts reviewing an ineffective assistance of counsel claim "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound [legal] strategy." *Strickland*, 446 U.S. at 689 (internal quotation marks omitted).  Courts must "be watchful to eliminate the distorting effects of hindsight." *Brown v. Greene*, 577 F.3d 107, 110 (2d Cir. 2009) (citation and internal quotation marks omitted).  Ineffective assistance of counsel claims "may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *See Massaro v. United States*, 538 U.S. 500, 504 (2003).

**B.  Issues Previously Raised on Appeal**

It is well settled that a Section 2255 motion may not relitigate issues previously raised on direct appeal.  *See, e.g.*, *Cantor v. United States*, 205 F.3d 1321, 2000 WL 232176, at *1 (2d Cir. 2000) (summary order) (citing *United States v. Perez*, 129 F.3d 255, 260 (2d Cir. 1997)) ("[I]t is

well-established that issues decided on direct appeal may not be relitigated in the context of a petition under § 2255."), *cert. denied*, 530 U.S. 1245 (2000); *Simmons v. United States*, No. 12-cv-4693 (ILG), 2014 WL 4628700, at *2 (E.D.N.Y. Sept. 15, 2014) ("[H]aving rejected his objection [to the court's application of the sentencing enhancement], he cannot reargue it in his § 2255 petition.").  An exception to this rule exists for intervening changes in the law.  *See Scala*, 2010 WL 3780320, at *1 (citing *Chin v. United States*, 622 F.2d 1090, 1092 (2d Cir. 1980)).  This exception is not applicable here.

### C.  The *Johnson*, *Welch*, and *Beckles* Cases

Under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), a defendant found to have committed three prior "violent felon[ies]" or "serious drug offense[s]," is subject to a mandatory minimum sentence of 15 years.  18 U.S.C. § 924(e)(1).  The ACCA defines "violent felony" as follows:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).  Subsection (i) of the definition is known as the "force clause" and the latter half of subsection (ii) is known as the "residual clause."

In 2015, the Supreme Court struck the residual clause of the ACCA as unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment.  *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson*").  The Court found that the residual clause had failed to provide "fair notice to defendants" and "invite[d] arbitrary enforcement by judges," because it both "leaves

grave uncertainty about how to estimate the risk posed by a crime" and "leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony." *Johnson*, 135 S. Ct. at 2557-58. The Court found this "double-layered uncertainty" problematic because it required courts "first to estimate the potential risk of physical injury posed by 'a judicially imagined 'ordinary case' of [the] crime' at issue, and then to consider how this risk of injury compared to the risk posed by the four enumerated crimes, which are themselves, the Court noted, 'far from clear in respect to the degree of risk each poses.'" *United States v. Hill,* 832 F.3d 135, 145 (2d Cir. 2016) (quoting *Johnson*, 135 S. Ct. at 2557-58) (alterations in *Hill*). In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that *Johnson* applied retroactively on collateral review for defendants sentenced under the residual clause of the ACCA because it announced a new substantive rule.

Sections 4B1.1 and 4B1.2 of the Guidelines, under which Petitioner was sentenced, provide a sentencing enhancement for a defendant who meets the definition of a "career offender" (the "Career Offender Guideline"). The Career Offender Guideline contains a residual clause with wording identical to the residual clause of the ACCA that the Supreme Court found unconstitutionally vague in *Johnson*. *See* U.S.S.G. § 4B1.2(a). However, in *Beckles v. United States*, 137 S. Ct. 886, 888 (2017), the Court determined that the Guidelines are not subject to a vagueness challenge under the Due Process Clause of the Fifth Amendment, and, accordingly, the residual clause in Section 4B1.2(a) is not void for vagueness. *Beckles*, 137 S. Ct. at 895.

## II.    Analysis

### A.  Ineffective Assistance of Counsel

Petitioner contends that his appellate counsel was constitutionally ineffective because she failed to seek *en banc* review of the affirmance of his conviction and sentence and caused his

petition for a *writ of certiorari* from the United States Supreme Court to be untimely, "leaving him with limited post-conviction options." *See* Pet'r's Mot at 15-18. In opposition, the Government states that counsel's decision not to seek *en banc* review cannot be unreasonable in light of the fact that Petitioner was very unlikely to receive such review. *See* Gov't Opp'n at 15. The Government also notes that, in the Supreme Court's denial of a *writ of certiorari* for Petitioner, there is no indication that untimeliness was the cause of the denial. *Id.* at 17.

The obligation of counsel appointed pursuant to the Criminal Justice Act of 1964 ("CJA") to advise a client of the availability of *en banc* review was not decided by the Second Circuit until 2016, which post-dates the denial of Petitioner's appeal and his time to seek *en banc* review. *See Taylor v. United States*, 822 F.3d 84, 89 (2d Cir. 2016). However, even if this obligation had been established at the time Petitioner's appeal was denied, the Second Circuit's decision in *Taylor* applies only to "non-frivolous" petitions for *en banc* review. As the Government argues, Petitioner's case was not suitable for *en banc* review. Indeed, Petitioner's appellate counsel states in a sworn declaration that she saw no basis for seeking rehearing or *en banc* review, in particular after the Second Circuit affirmed Petitioner's conviction and sentence by summary order. *See* Decl. of Michele Hauser ("Hauser Decl.") ¶ 5, Dkt. Entry No. 24. Her decision not to seek *en banc* review was reasonable.

As to the petition for a *writ of certiorari* from the Supreme Court, the Government notes correctly that the denial was not for untimeliness. *See Boston*, 134 S. Ct. at 977. Accordingly, any failure of counsel to advise Petitioner regarding such a petition cannot have been prejudicial.

Petitioner also contends that counsel was ineffective because she did not acknowledge or submit to the Second Circuit a 28(j) letter Petitioner prepared. *See* Pet'r's Mot. at 20-21. This letter was to bring to the Second Circuit's attention the Supreme Court's holding in *Descamps v.*

*United States*, 133 S. Ct. 2276 (2013), which Petitioner believes applies to his case. *See Id.* at 22-25. Here, the Government notes that email correspondence Petitioner enclosed with the instant motion demonstrates that counsel discussed *Descamps* with Petitioner extensively. *See* Gov't Opp'n at 15-16. Thus, she did not fail to acknowledge his proposed letter. However, counsel did explain to Petitioner that she did not believe *Descamps* was applicable to his case. *See* Gov't Opp'n at 16.

Moreover, shortly before Petitioner filed the instant motion, the Second Circuit decided *United States v. Flores*, 569 F. App'x 33 (2d Cir. 2014) (summary order), in which it held that burglary in the third degree under New York law remains a predicate crime of violence after *Descamps*. *See Flores*, 569 F. App'x at 34. Although the Second Circuit's summary order in *Flores* is not precedential, it is a clear indication that challenging Petitioner's sentence pursuant to *Descamps* specifically would have been fruitless. "Where the underlying issue complained of by petitioner is meritless, counsel's failure to raise the issue does not fall outside the wide range of reasonable professional assistance nor is it reasonably likely that the result of the proceedings would have been different." *Lugo v. United States*, No. 09-cv-696 (NG), 2014 WL 7140456, at *7 (E.D.N.Y. Dec. 12, 2014) (citing *Aparicio v. Artuz*, 269 F.3d 78, 99 (2d Cir. 2001) and *United States v. Arena*, 180 F.3d 380, 396 (2d Cir. 1999)). It was reasonable for counsel to decline to file the 28(j) letter regarding *Descamps*. Petitioner's counsel acted reasonably, and Petitioner has not suffered prejudice. His claims of ineffective assistance of counsel are denied.

### B.   Procedural and Substantive Reasonableness of Petitioner's Sentence

Next, Petitioner argues that his sentence was procedurally and substantively unreasonable. *See* Pet'r's Mot. at 5. Petitioner made this argument on direct appeal, and it was rejected by the Second Circuit. *See Boston*, 531 F. App'x at 101. Petitioner does not explain how his current

9

claim differs from the claim decided by the Second Circuit previously. *See generally*, Pet'r's Mot. Petitioner cannot relitigate claims already decided on direct appeal. Accordingly, this claim is denied.

### C. Application of *Johnson*, *Welch*, and *Beckles*

In addition, Petitioner contends that his sentence violates the United States Supreme Court's decision in *Johnson. See generally*, Pet'r's Suppl. Mots I, II, & III. The Government argues in opposition that *Johnson* is not retroactively applicable in Petitioner's case, and that, even if there were a *Johnson* error in Petitioner's sentencing, that error would be harmless, because the Court's sentence was not based on the Guidelines. *See* Gov't Opp'n to Suppl. Mots. at 10, 20. Notably, briefing of the instant motion was complete before the Supreme Court decided *Beckles* and, thus, did not address its implications.

With respect to *Johnson*, Petitioner's argument is that his sentence must be vacated because it was based on the Career Offender Guideline's residual clause, which he contends is unconstitutionally vague. *See* Pet'r's Suppl. Mot. III at 1. As an initial matter, this argument fails because under *Beckles*, the Career Offender Guideline is not subject to void-for-vagueness challenges. *See Beckles*, 137 S. Ct. at 895; *see also United States v. Jones*, 878 F.3d 10, 14 (2d Cir. 2017). Regardless, the Government is correct that Petitioner was not sentenced pursuant to the Guidelines. This Court explained in detail the reasons for Petitioner's sentence, and imposed the maximum term of incarceration permitted by statute, while expressing concern that even that sentence might be insufficient. Tr. at 42:15-16. Indeed, the Second Circuit pointed to the detailed reasons for the sentence that the Court gave under 18 U.S.C. § 3553(a) in affirming the sentence. Moreover, at the sentencing hearing the Court explicitly noted that it did not impose a Guideline sentence with departures, but, rather, imposed a sentence outside the advisory sentencing guideline

system. *See* Tr. at 42:10-12. Petitioner's sentence is not subject to *Johnson*, both because of *Beckles* and because the Court imposed a sentence that was outside the Guidelines. Accordingly, Petitioner's claim that the sentence is procedurally and substantially unreasonable is denied.

### D. Petitioner is not Entitled to a Hearing

Petitioner also seeks an evidentiary hearing to advance his claim. Pet'r's Mot. at 28. "The decision whether to hold an evidentiary hearing on a 2255 motion is generally left to the discretion of the district court." *Swerbilov v. United States*, No. 04-cv-3320 (DRH) (MLO), 2005 WL 1177938, at *2 (E.D.N.Y. May 18, 2005) (citing *Newfield v. United States*, 565 F.2d 203, 207 (2d Cir. 1997)). Where a court has familiarity with a case, it can rely on such familiarity in dismissing a petition without a hearing. *See Stokes v. United States*, No. 00-cv-1867 (SAS), 2001 WL 29997, at *2 (S.D.N.Y. Jan. 9, 2001) (citing *United States v. Aiello*, 900 F.2d 528, 534 (2d Cir. 1990)); *see also Chang v. United States*, 250 F.3d 79, 85 (2d Cir. 2011) (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)) ("[A]lthough a hearing may be warranted, that conclusion does not imply that a movant must always be allowed to appear in district court for a full hearing") (internal quotation marks omitted). "The district court is permitted to expand the record to include affidavits or other written submissions in order to decide disputed facts." *Roberts v. United States*, No. 11-cv-4404 (SJF), 2014 WL 4199691, at *4 (E.D.N.Y. Aug. 22, 2014) (quoting *Kapelioujnyi v. United States*, 779 F. Supp.2d 250, 254 (E.D.N.Y. 2009) (citing *Chang*, 250 F.3d at 86)).

As the above analysis indicates, it is abundantly clear that the record is sufficient to decide Petitioner's motion without an evidentiary hearing. Moreover, the Court has available to it emails exchanged between Petitioner and appellate counsel, the sentencing transcript, and a sworn declaration from appellate counsel. Together, these materials reflect the specific reasons for appellate counsel's decisions, the information that Petitioner received from appellate counsel, and

the Court's detailed reasoning as to Petitioner's sentence. *See generally*, Pet'r's Mot. at 33-41; Tr.; Hauser Decl. Given the Court's familiarity with the case and the ample evidence in the record, the Court finds in its discretion that an evidentiary hearing would "add little or nothing to the written submissions" and, therefore, is not required. *See Chang*, 250 F.3d at 86.

## CONCLUSION

For the reasons set forth above, Petitioner's Section 2255 motion is denied in its entirety. Petitioner was not denied effective assistance of appellate counsel, his sentence is substantively and procedurally reasonable, as the Second Circuit held in affirming his conviction, and *Johnson* does not apply to his case. In addition, Petitioner's request for an evidentiary hearing is denied as unnecessary. Petitioner is further denied a certificate of appealability, as he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* Fed. R. App. P. 22(b); *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).


SO ORDERED.

Dated: Brooklyn, New York
       March 30, 2018


_____
             /s/
        DORA L. IRIZARRY
          Chief Judge